**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CRISTIAN RAMOS, | ) | |
| M52272, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-112-DWD |
| | ) | |
| BART LIND, | ) | |
| DR. LANE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Cristian Ramos, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Illinois River Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 concerning events that occurred at Pinckneyville Correctional Center (Pinckneyville).  (Doc. 1).  Upon initial review of the Complaint, the Court identified two claims against the named defendants, and it dismissed many others. (Doc. 14).  Defendant Dr. Lane has filed a Motion for Summary Judgment on the issue of exhaustion of administrative remedies (Doc. 29), whereas Defendant Lind has not filed any similar motion.  Plaintiff was notified of the motion, and he was given multiple extensions of time to respond (Docs. 31, 38, 41), but he failed to respond.  Most recently, he was granted an extension until June 30, 2023, but the Court has not received a response. The Court now finds it appropriate to grant Defendant Lane's Motion because she has

met her burden to demonstrate that Plaintiff failed to exhaust his administrative remedies as the deliberate indifference claim against her for mental healthcare.

## BACKGROUND

Plaintiff alleged that from June 5, 2018, to at least February 9, 2019, he experienced cruel and unusual punishment at the hands of Pinckneyville staff, which caused his mental health to suffer.  He sought mental health treatment but got very little to no response.

Based on the allegations in the Complaint, which are more fully recounted in the Order of Initial Review (Doc. 14), the Court designated two  claims:

Claim 1:     Eighth Amendment deliberate indifference claim to Plaintiff's requests for mental healthcare against Dr. Lane;

Claim 2:     First Amendment retaliation claim against C.O. Lind for issuing disciplinary tickets in response to Plaintiff voicing mental health complaints to MhP Mrs. Elvain.

(Doc. 14 at 4).

The Defendants have identified just one grievance that is potentially relevant to the claims presented in this lawsuit—a grievance drafted on March 27, 2019.  (Doc. 30-1 at 10-11).

## FINDINGS OF FACT

In the March 2019, grievance, Plaintiff wrote in relevant part,

From [June 5, 2018] till now I been going through it I been having mental illness to physical & emotional disorder.  And have not be receiving the proper adequate mental health and investigation hearings and evaluations. I went from hearing voices in the beginning of August to cutting myself then to trying to hang myself trying to commit suicide. To stressing about who will be my next celly from my life being in danger to suffering from a

assault by officers while in Seg. To being targeted and put under investigation because of me alleging to mental health about not receiving mental services when asked & told several white shirt LT's working the zone on Sept and October. […] I been losing hair going bald I been really stressed out with suicidal thoughts & tendencies.  I spoke to telepsych 2 times and to mental health 2 times not including the head Chief Administrator Dr. Lane.  I was complaining everytime I was able to about being placed in a unconstitutional tier violated my Equal Protection rights."

(Doc. 30-1 at 10-11).  Plaintiff designated the grievance as an emergency, but none of the boxes on the grievance form are completed by officials at his prison.  Instead, the grievance is stamped as received by the Administrative Review Board on April 4, 2019. The Defendants explain in their motion that this occurred because Plaintiff had been transferred away from Pinckneyville by the time he filed the grievance, and he was already at Hill Correctional Center.  The grievance form itself reflects he was at Hill at the time of filing.  (Doc. 30-1 at 10).

On June 25, 2019, the ARB denied Plaintiff's grievance for multiple reasons.  As to his allegations about mental health care, the ARB noted that his claims of lack of mental health treatment were denied because the records indicated he was seen while at Pinckneyville.  (Doc. 30-1 at 3).

An attached cumulative counseling summary indicates that Plaintiff participated in the offender orientation at Hill Correctional Center on March 28, 2019.  (Doc. 30-2 at 35).  On May 10, 2019, Plaintiff participated in orientation at Pontiac Correctional Center. (*Id.*).

CONCLUSIONS OF LAW

A.  Legal Standards

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). Courts generally cannot resolve factual disputes on a motion for summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, when the motion for summary judgment pertains to a prisoner's failure to exhaust administrative remedies, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). After hearing evidence, finding facts, and determining credibility, the court must decide whether to allow the claim to proceed or to dismiss it for failure to exhaust. *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). The court is not required to conduct an evidentiary hearing if there is no genuine dispute of material fact, and the determination is purely legal. *See e.g.*, *Walker v. Harris*, 2021 WL 3287832 * 1 (S.D. Ill 2021); *Miller v. Wexford Health Source, Inc.*, 2017 WL 951399 *2 (S.D. Ill. 2017).

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 740. "The exhaustion

requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

As an inmate in the IDOC, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, et seq. (2017). The regulations first require an inmate to file his grievance with his counselor within 60 days of the discovery of an incident, occurrence, or problem that gave rise to the grievance. 20 ILL. ADMIN. CODE § 504.810(a). Administrative regulations require the grievance "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 ILL. ADMIN. CODE § 504.810(c).

If the complaint is not resolved through the counselor, the grievance may be submitted to a grievance officer, who reports his or her findings and recommendations in writing to the Chief Administrative Officer (CAO). 20 ILL. ADMIN. CODE § 504.830(e). The CAO then provides the inmate with a written decision on the grievance. *Id.*

If the inmate is not satisfied with the CAO's response, he can file an appeal with the IDOC Director through the Administrative Review Board (ARB). 20 ILL. ADMIN. CODE § 504.850(a). The ARB must receive the appeal within 30 days of the date of the CAO's decision. *Id.* The inmate must attach copies of the responses from the grievance officer

and CAO to his appeal. *Id.* The ARB submits a written report of its findings and recommendations to the Director, who them makes a final determination. 20 ILL. ADMIN. CODE § 504.850(d), (e).

B. Analysis

The Court finds that the Motion for Summary Judgment can be resolved on paper without a *Pavey* hearing. The Defendant has submitted credible evidence in support of her contention that Plaintiff did not fully exhaust any grievance relevant to the claims presented in this case, and Plaintiff has not refuted that evidence.[1] Specifically, the March 27, 2019, grievance does not detail any problems that Plaintiff encountered directly with Dr. Lane. While the Court does not find things as clear cut as the Defendant might argue, the Court agrees that the grievance is not sufficient to establish Dr. Lane's personal responsibility for a lack of mental healthcare. Defendants argue that in the grievance Plaintiff plainly says he did not have problems with Dr. Lane. This is not quite accurate, what Plaintiff says is that he spoke to "telepsych 2 times and to mental health 2 times *not including* the head Chief Administrator Dr. Lane." (Doc. 30-1 at 11). This sentence leaves open the possibility that Plaintiff did speak to Dr. Lane, just not on the occasions

---

[1] Plaintiff was notified upon the filing of the motion of his opportunity to respond, and of the potential consequences of failing to respond. (Doc. 31). Plaintiff received extensions of time on March 7, 2023, May 2, 2023, and June 9, 2023. Upon the last extension, Plaintiff indicated he needed additional time because during the intervening months he had been released from prison and then reincarcerated. As a result of the reincarceration, he alleged he did not have access to necessary materials. (Docs. 39, 40). The Court granted a short extension and directed the Clerk of Court to mail Plaintiff the Order of Initial Review, Defendant's Motion and the exhibits. (Doc. 41). The Court has not received a response. However, on July 17, 2023, the Court received a change of address indicating Plaintiff had moved from Stateville to Illinois River Correctional Center. This indicates he is still following his case despite failing to file a timely response.

specifically discussed in the grievance.  Nonetheless, the grievance does not give details about what Dr. Lane did or failed to do, or when any interactions with her transpired. The IDOC grievance procedures require inmates to include information about what happened, when, where, and the name or identifying information about each person involved in a complaint.  20 Ill. Admin. Code § 504.810(c).  The information Plaintiff provided in the grievance does not clearly attribute any wrongful conduct to Dr. Lane, so it is insufficient to exhaust the claim against Dr. Lane for deliberate indifference and this claim must be dismissed.

This leaves the First Amendment retaliation claim against C/O Lind, for which the Defendants did not seek summary judgment.  As such, the Court will enter a merits discovery schedule for Claim 2 against C.O. Lind.

### DISPOSITION

Dr. Lane's Motion for Summary Judgment on the issue of exhaustion (Doc. 29) is **GRANTED**.  Claim 2 against Dr. Lane as identified in the Order of Initial Review (Doc. 14) **DISMISSED** without prejudice for Plaintiff's failure to exhaust administrative remedies.  The Clerk of Court is **DIRECTED** to **TERMINATE** Defendant Lane and to enter judgment in her favor at the close of this case.

Plaintiff's Second Notice of Change of Address and Motion for Copies (Doc. 42) is **DENIED** as **MOOT** because it is an exact duplicate of the June 5, 2023 Motion that the Court already ruled on at docket entry 41.

**IT IS SO ORDERED.**

Dated: August 7, 2023

/s *David W. Dugan*

_____

DAVID W. DUGAN
United States District Judge